# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELENA FEDOROVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 C 1810 |
| | ) |
| WELLS FARGO & COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss. For the reasons stated below, the motions to dismiss are granted.

## BACKGROUND

Plaintiff Elena Fedorova (Fedorova) allegedly obtained a mortgage (Mortgage) for her condominium in 2006. In June 2006 Fedorova allegedly stopped making payments on the Mortgage, and foreclosure proceedings (Foreclosure Action) were initiated in Illinois state court. In August 2012, a judgment of foreclosure was entered in the Foreclosure Action. In February 2013, the sale of the condominium was approved in the Foreclosure Action. Fedorova then filed various post-judgment motions in the Foreclosure Action, which were denied by the trial

1

court. Fedorova also pursued an appeal in state court which was unsuccessful. Fedorova then filed the instant action in state court and this action was removed to federal court in January 2016. Fedorova includes in her *pro se* amended complaint various claims involving alleged fraud and violations of federal and state law statutes brought against certain federal Governmental entities and employees (collectively referred to as "Government Defendants") and claims brought against certain private entites involved in the Mortgage and Foreclosure Action (collectively referred to as "Private Defendants"). Government Defendants and Private Defendants have filed motions to dismiss.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). The burden of proof in

regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Government Defendants' Motion to Dismiss

Government Defendants argue that this court lacks jurisdiction over the claims brought against them. Unless there has been a waiver of immunity, "sovereign immunity shields the Federal Government and its agencies from suit." *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 774 (7th Cir. 2011)(internal quotations omitted)(quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). There is nothing in the record that would indicate that the federal government has waived its sovereign immunity in this case. Fedorova argues that the federal government has waived its sovereign immunity in the Federal Tort Claims Act (FTCA). (Resp. Govt. 5); *See Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012)(stating that "[t]he FTCA is a limited waiver of the United States' sovereign immunity" and that "[i]t is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment"). However, a FTCA claim must be initiated in federal court. *See Alinsky v. United States*, 415 F.3d 639, 643 (7th Cir. 2005)(stating that "[t]he FTCA grants federal courts jurisdiction over" certain tort claims); *Abu-Humos v. First Merit Bank*, 2015 WL 7710374, at *1 (N.D. Ill. 2015)(explaining that "while common law torts are cognizable under the FTCA, state courts lack jurisdiction over such claims"). Nor is there an indication that Fedorova even complied with the administrative exhaustion requirements before seeking to bring a FTCA claim. *See Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013)(explaining administrative steps before bringing a FTCA claim in court).

Although this action has now been removed to federal court, this court merely acquired derivative jurisdiction upon removal and thus is not prevented from dismissing this action based upon a lack of subject matter jurisdiction. *See Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011)(stating that "[w]hen a case is removed from state to federal court, the jurisdiction of the latter is said in a limited sense to derive from the former" and that "[a]ccordingly, [w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction")(internal quotations omitted)(quoting *Minnesota v. United States*, 305 U.S. 382 (1939)).

Fedorova also references the Tucker Act, 28 U.S.C. § 1491, as a basis for jurisdiction. (Resp. Govt. 1). However, even if the Fedorova had pled a valid Tucker Act claim, based on his claims for damages, the only court with jurisdiction over such a claim would be the Court of Federal Claims. *See United States v. Norwood*, 602 F.3d 830, 833 (7th Cir. 2010)(indicating that if the plaintiff's "claim exceeded $10,000, he would have to proceed in the Court of Federal Claims"). Fedorova also contends that she is bringing claims under 28 U.S.C. § 1983, § 1985, and § 1986 against Government Defendants for alleged constitutional violations and other federal statutes. However, there has been now showing that the federal government has waived its sovereign immunity to any such claims or that Government Defendants were state actors. *See Young v. Sproat*, 2016 WL 659657, at *4 (C.D. Ill. 2016)(stating that the plaintiff could not "bring a § 1983 suit against

5

the United States because § 1983 applies to state actors, not federal actor"). Nor are there even sufficient facts alleged relating to the personal involvement of the individual Government Defendants to state valid claims against them. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)(stating that "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation")(internal quotations omitted)(quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir.1994)). Therefore, Government Defendants' motion to dismiss is granted.

II. Claims Brought Against Private Defendants

Private Defendants argue that the claims brought against them are barred by the doctrines of *res judicata* and collateral estoppel. Under the doctrine of *res judicata*, also known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015)(internal quotations omitted)(quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Under the doctrine of collateral estoppel, also known as issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Carter v. C.I.R.*, 746 F.3d 318, 321 (7th Cir. 2014)(internal quotations omitted)(quoting *Montana v.*

*United States*, 440 U.S. 147, 153 (1979)); *see also Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir. 1993)(stating that the doctrine of collateral "applies only to issues that were actually litigated and not merely to those that could have been").

Since the Foreclosure Action occurred in Illinois state court, the court will apply Illinois state law regarding the doctrines of *res judicata* and collateral estoppel. *See Bonnstetter v. City of Chicago*, 811 F.3d 969, 975 (7th Cir. 2016)(stating that because the pertinent court proceeding "occurred in an Illinois state court, [the court applied] Illinois law pertaining to res judicata"); *Rose v. Bd. of Election Comm'rs for City of Chicago*, 815 F.3d 372, 374 (7th Cir. 2016)(stating that "[b]ecause the prior judgment is from an Illinois state court, Illinois preclusion principles apply"). Under Illinois law, a party seeking to invoke the doctrine of *res judicata* must show: (1) that there was "a final judgment on the merits rendered by a court of competent jurisdiction," (2) that the prior action was "the same cause of action," and (3) that the prior action involved "the same parties or their privies." *Id.*; *see also Empress Casino Joliet Corp. v. Johnston*, 763 F.3d 723, 727-28 (7th Cir. 2014)(stating that under Illinois law the doctrine applies when "1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies")(internal quotations omitted)(quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998)).

A. Final Judgment On the Merits

In the instant action, Private Defendants have shown the state court entered a final judgment in the Foreclosure Action after considering the merits of the Complaint to Foreclose Mortgage, and that a judicial sale was subsequently approved by the court. Although Fedorova asserts in a conclusory fashion that the judgment is invalid, she has not shown the judgment to be invalid. Fedorova argues that the judgment was procured by fraud. *Juszczyk v. Flores*, 777 N.E.2d 454, 456 (Ill. App. Ct. 2002)(stating that "[b]oth Illinois Appellate and Supreme Court case law have consistently held that a judgment or order is void . . . where the judgment or order is procured by fraud"). However, Fedorova has not shown that there was any extrinsic fraud that would have deprived the state court of jurisdiction in the Foreclosure Action. *See, e.g., First Bank of Lake v. Buck*, 2011 IL App (5th) 100398-U, ¶ 13 (stating that "[c]ollateral attacks . . .are limited to the grounds that the rendering court lacked either subject matter jurisdiction or personal jurisdiction or that the foreign judgment was procured by extrinsic fraud"). Fedorova also admits in her amended complaint that she already presented to the Illinois Appellate Court on appeal her argument that the judgment was invalid because the "case was based on fraud" and that the argument was rejected by the court. (A. Compl. Par. 103). Thus, a binding final judgment on the merits was entered in the Foreclosure Action.

B. Identity of Cause of Action

Private Defendants contend that the claims presented in this action are part of

the same cause of action in the Foreclosure Action in the *res judicata* context. Generally, under Illinois law, "different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *River Park, Inc.*, 703 N.E.2d at 891 (internal quotations omitted)(quoting *Pfeiffer v. William Wrigley Jr. Co.*, 484 N.E.2d 1187 (Ill. App. Ct. 1985)). The facts and claims presented in the instant action all relate to the same foreclosure on the Mortgage and the same group of facts that were the basis for the claims and defenses presented in the Foreclosure Action.

Private Defendants have shown that in the Foreclosure Action, Fedorova presented many of her claims in the Foreclosure Action. To the extent that she now seeks to present new claims and arguments to this court involving the same operative facts, she has not adequately explained why she was unable to present such claims or arguments in the Foreclosure Action. For example, Fedorova now argues that Private Defendants signed a Consent Order with the Board of Governors of the Federal Reserve System in April 2011, and that a National Mortgage Settlement was entered in April of 2012. However, Fedorova fails to adequately explain why she was prevented from raising such arguments in the Foreclosure Action prior to the approval of the judicial sale in February 2013. Thus, there is an identity of a cause of action.

### C. Identity of the Parties

Private Defendants contend that there is an identity of the parties. The record

reflects that Fedorova was a party in the Foreclosure Action. Private Defendants have also shown that there exists privity between them and the plaintiff in the foreclosure action. Therefore, there is an identity of the parties.

Fedorova is thus barred from presenting her claims against the Private Defendants in this action. The court also notes that even if Fedorova's claims brought against Private Defendants were not barred by the doctrines of *res judicata* and collateral estoppel, many of her claims would be dismissed for lack of jurisdiction due to the fact that no private right of action. Therefore, Private Defendants' motion to dismiss is granted.

III. Motion for Leave to File An Amended Complaint

Fedorova requests in response to the instant motion for leave in the alternative to file an amended complaint. Although "[l]eave to amend a complaint should be freely given when justice so requires[,] . . . leave may be denied where the amendment would be futile." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 919 (7th Cir. 2015)(internal quotations omitted)(quoting Fed. R. Civ. P. 15(a)(2)). As explained above, the federal government has not waived sovereign immunity and there are no claims relating to the Foreclosure Action that would fall within the jurisdiction of this court. Fedorova has also had ample opportunity to litigate her dispute with Private Defendants in the Foreclosure Action in state court. Fedorova has not pointed to any new facts or claims that would render a proposed amended complaint anything other than a futile action. The court also notes that Fedorova was

already given one opportunity to amend her complaint in state court prior to removal. Therefore, the motion for leave to file an amended complaint is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss are granted and Fedorova's motion for leave to file an amended complaint is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 20, 2016